UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA NEVERS ALEX, ET AL.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 16-17019 |
| ST. JOHN THE BAPTIST<br>PARISH SHERIFF'S OFFICE, ET AL.,<br>    Defendants | SECTION: "E" |

### ORDER AND REASONS

Before the Court is a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction filed by the federal defendants.[1] The motion is opposed.[2] For the following reasons, the motion to dismiss is **GRANTED**.

Plaintiffs allege claims under the Federal Tort Claims Act ("FTCA") against a variety of federal agencies and officials.[3] Plaintiffs allege claims for "malicious prosecution, prosecutorial misconduct, malice, . . . slander, defamation, false arrest, [and] false imprisonment" arising out of a federal investigation into the alleged preparation of false tax returns, bank fraud, and forging the signature of a federal judge.[4]

### I. Substitution of the United States as the Proper Defendant

It is well-accepted the FTCA is the exclusive remedy for tort suits against the United States, and the FTCA thus operates as a limited waiver of sovereign immunity.[5]

---

[1] R. Doc. 20.
[2] R. Doc. 23.
[3] R. Doc. 7-1.
[4] *Id.* at 2. This matter was transferred to this Court because it is related to the criminal matter number 16-88 and civil matter number 13-6397, which are both currently before this Court. On January 19 2017, Plaintiffs filed an opposition to the transfer of the instant matter to this Court. R. Doc. 19. Transfer of this case to this Court is proper under Local Rules 3.1 and 3.1.1. To the extent Plaintiffs' pleading is properly considered a motion, it is denied.
[5] *Willougby v. United States ex rel. United States Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citing 28 U.S.C. § 2679(a)).

1

The FTCA's waiver of sovereign immunity is, however, subject to several exceptions.[6] As a general rule, "[i]t is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant" in an FTCA suit.[7]

With respect to the individual federal defendants, the Plaintiffs allege each defendant was acting within the scope of his or her federal employment at the time the alleged torts were committed.[8] Pursuant to 28 U.S.C. § 2679(b)(1), a suit against the United States is the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their employment.[9] "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States."[10] The Attorney General has delegated this certification power to the United States Attorney for the Eastern District of Louisiana, Kenneth Polite, Jr.[11] Defendants have attached a certification by United States Attorney Kenneth Police, Jr., certifying Assistant United States Attorneys Hayden Brockett and Loan Mimi Nguyen, Internal Revenue Service Agents Nicholas Nelson, Kristie Gregoire, and John Parrazzo, former United States Attorney General Eric Holder, former United States Attorney General Loretta Lynch, Department of Justice Civil Rights

---

[6] *See, e.g., Davila v. United States*, 713 F.3d 248, 256 (5th Cir. 2013).
[7] *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1998). *See also Talavera v. United States*, No. 4:14-CV-03329, 2016 WL 4398678, at *4 (S.D. Tex. Aug. 17, 2016); *Valentine v. Veterans Affairs*, No. 3:16-cv-1221-D-BN, 2016 WL 4257444, at *2 (N.D. Tex. July 13, 2016) ("[A]n FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction."); *Schexnayder v. St. Charles Parish*, Nos. 12-416, 12-542, 2012 WL 1357784, at *2 (E.D. La. Apr. 19, 2012); *Michalik v. Hermann*, No. Civ.A. 99-3496, 2001 WL 434489, at *1 (E.D. La. Apr. 26, 2001);
[8] R. Doc. 7-1 at 2.
[9] 28 U.S.C. § 2679(b)(1).
[10] *Id.* at 2679(d)(1).
[11] *See* 28 C.F.R. § 15.4.

Division Head Vanita Gupta, and himself, United States Attorney Kenneth Polite, Jr. were acting within the scope of his or her employment at the time of the conduct alleged in Plaintiffs' complaint.[12]

Thus, Plaintiffs do not have a valid FTCA claim against the individual federal defendants. The United States of America will be substituted as the proper defendant in place of the individual federal defendants.

## II. Dismissal of Plaintiffs' Claims Against the Federal Agency Defendants

The federal agency defendants[13] seek the dismissal of Plaintiffs' claims them. "The United States, and not the responsible agency or employee, is the proper party defendant" in an FTCA suit.[14] In view of the explicit statutory language of 28 U.S.C. § 2679(a), "the courts have consistently held that an agency or government employee cannot be sued *eo nomine* under the Federal Tort Claims Act."[15]

Thus, Plaintiffs do not have a valid FTCA claim against the federal agency defendants. The FTCA claims against the federal agency defendants must be dismissed with prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.

---

[12] R. Doc. 20-3.
[13] Plaintiffs bring suit against the United States Marshal's Service, the Federal Bureau of Investigation, United States Secret Service, and United States Department of Justice. R. Doc. 7-1 at 1.
[14] *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1998). *See also Talavera v. United States*, No. 4:14-CV-03329, 2016 WL 4398678, at *4 (S.D. Tex. Aug. 17, 2016); *Valentine v. Veterans Affairs*, No. 3:16-cv-1221-D-BN, 2016 WL 4257444, at *2 (N.D. Tex. July 13, 2016) ("[A]n FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction."); *Schexnayder v. St. Charles Parish*, Nos. 12-416, 12-542, 2012 WL 1357784, at *2 (E.D. La. Apr. 19, 2012); *Michalik v. Hermann*, No. Civ.A. 99-3496, 2001 WL 434489, at *1 (E.D. La. Apr. 26, 2001);
[15] *Galvin*, 860 F. 2d at 183.

3

### III. Exhaustion of Administrative Remedies

The federal defendants also contend that once the United States is substituted as the proper defendant, Plaintiffs' claims should be dismissed for failure to exhaust administrative remedies.[16]

Pursuant to 28 U.S.C. § 2675(a), no action in tort may be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been denied by the agency in writing."[17] Only when the claim has been denied or six months have passed since the administrative claim was filed may a plaintiff bring suit in federal district court on the claim.[18] Any failure to comply with the FTCA's administrative exhaustion requirement is a jurisdictional defect.[19] "The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of act action under the FTCA."[20]

The regulations at 28 C.F.R. Part 14 set forth the procedural requirements for submitting an administrative tort claim to an agency. Under 28 C.F.R. § 14.2, an individual may file an administrative claim for damages against a federal agency by submitting a Standard Form 95 or other written notice of the claim to the agency that allegedly committed the tort.

---

[16] R. Doc. 20-2 at 5.
[17] 28 U.S.C. § 2675(a).
[18] *See id.*; 28 U.S.C. § 2401(b).
[19] *See, e.g., McNeil v. United States*, 508 U.S. 106, 112 (1993); *Jerves v. United States*, 996 F.2d 517, 519 (9th Cir. 1992); *Plylyer v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *Williamson v. U.S. Dep't of Agriculture*, 815 F.2d 368, 378 (5th Cir. 1987); *Henderson v. United States* (785 F.2d 121, 123 (4th Cir. 1986); *Keene Corp v. United States*, 700 F.2d 836, 840-41) (2d Cir. 1983), *cert denied*, 464 U.S. 864 (1983).
[20] *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981).

4

Plaintiffs have failed to allege the exhaustion of an administrative tort claim, as required by 28 U.S.C. § 2675(a). Accordingly, Plaintiffs' claims against the United States under the FTCA must be dismissed for lack of subject-matter jurisdiction.

Accordingly;

**IT IS ORDERED** that the federal defendants' motion to dismiss[21] with respect to the naming of the United States of America as the proper defendant is **GRANTED**. The Plaintiffs' claims against the individual federal defendants[22] and federal agency defendants[23] are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the United States of America be substituted as the proper defendant in place of the individual federal defendants[24] and federal agency defendants.[25]

**IT IS FURTHER ORDERED** that the motion to dismiss for failure to exhaust administrative remedies under the FTCA[26] is **GRANTED** and Plaintiffs' FTCA claims against the United States are **DISMISSED WITHOUT PREJUDICE**.

---

[21] R. Doc. 20.
[22] United States Attorney Kenneth Police, Jr., certifying Assistant United States Attorneys Hayden Brockett and Loan Mimi Nguyen, Internal Revenue Service Agents Nicholas Nelson, Kristie Gregoire, and John Parrazzo, former United States Attorney General Eric Holder, [former] United States Attorney General Loretta Lynch, Department of Justice Civil Rights Division Head Vanita Gupta, and United States Attorney Kenneth Polite, Jr.
[23] United States Marshal's Service, the Federal Bureau of Investigation, United States Secret Service, and United States Department of Justice.
[24] United States Attorney Kenneth Police, Jr., certifying Assistant United States Attorneys Hayden Brockett and Loan Mimi Nguyen, Internal Revenue Service Agents Nicholas Nelson, Kristie Gregoire, and John Parrazzo, former United States Attorney General Eric Holder, [former] United States Attorney General Loretta Lynch, Department of Justice Civil Rights Division Head Vanita Gupta, and United States Attorney Kenneth Polite, Jr.
[25] United States Marshal's Service, the Federal Bureau of Investigation, United States Secret Service, and United States Department of Justice.
[26] R. Doc. 20.

**New Orleans, Louisiana, this 13th day of February, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**