UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA NEVERS ALEX, ET AL.,    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 16-17019 |
| ST. JOHN THE BAPTIST PARISH SHERIFF'S OFFICE, ET AL.,    Defendants | SECTION: "E" |

### ORDER AND REASONS

Before the Court is a motion for reconsideration filed by the Plaintiffs.[1] On January 20, 2017, various federal officers and agencies filed a motion to dismiss for lack of jurisdiction under Rule 12(b)(1).[2] The Court granted the motion to dismiss with respect to the individual federal officers and agencies, ordered the United States to be substituted as the proper defendant pursuant to the FTCA, and found Plaintiffs failed to allege the exhaustion of an administrative tort claim, as required by 28 U.S.C. § 2675(a).[3] The Plaintiffs then filed the instant motion for reconsideration.[4] For the following reasons, the motion for reconsideration is **DENIED**.

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a [final] judgment."[5] Although the district court has broad discretion to reconsider an

---

[1] R. Doc. 50.
[2] R. Doc. 20.
[3] R. Doc. 39.
[4] R. Doc. 50.
[5] Fed. R. Civ. P. 54(b).

1

interlocutory order for any reason it deems sufficient,[6] this power "is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[7]

Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[8] Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[9] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[10] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[11] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[12]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

---

[6] *See U.S. v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citation and internal quotation marks omitted) ("Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient.")
[7] *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).
[8] *See, e.g.*, *id*. at *3–4 ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). However, there are some circumstances in which a different standard would be appropriate. *Id*. (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–16 (4th Cir. 2003)).
[9] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir.2003) (citations and internal quotation marks omitted).
[10] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[11] *Castrillo*, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[12] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change in the controlling law.[13]

Plaintiffs seek relief under factors 1, 2, and 3.[14] Plaintiffs, however, present no new evidence to justify reconsideration of the Court's order. Nor do Plaintiffs point to any manifest error of law or fact in the Court's ruling. It is well established that, under the FTCA, the United States is the proper defendant, and this waiver of sovereign immunity does not extend to federal agencies or employees.[15] "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant" in an FTCA suit.[16]

The law is also clear that pursuant to 28 U.S.C. § 2675(a), no action in tort may be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been denied by the

---

[13] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot v. Hartford Fire Ins. Co.*, 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012).
[14] R. Doc. 50 at 4.
[15] *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1998). *See also Talavera v. United States*, No. 4:14-CV-03329, 2016 WL 4398678, at *4 (S.D. Tex. Aug. 17, 2016); *Valentine v. Veterans Affairs*, No. 3:16-cv-1221-D-BN, 2016 WL 4257444, at *2 (N.D. Tex. July 13, 2016) ("[A]n FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction."); *Schexnayder v. St. Charles Parish*, Nos. 12-416, 12-542, 2012 WL 1357784, at *2 (E.D. La. Apr. 19, 2012); *Michalik v. Hermann*, No. Civ.A. 99-3496, 2001 WL 434489, at *1 (E.D. La. Apr. 26, 2001).
[16] *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1998). *See also Talavera v. United States*, No. 4:14-CV-03329, 2016 WL 4398678, at *4 (S.D. Tex. Aug. 17, 2016); *Valentine v. Veterans Affairs*, No. 3:16-cv-1221-D-BN, 2016 WL 4257444, at *2 (N.D. Tex. July 13, 2016) ("[A]n FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction."); *Schexnayder v. St. Charles Parish*, Nos. 12-416, 12-542, 2012 WL 1357784, at *2 (E.D. La. Apr. 19, 2012); *Michalik v. Hermann*, No. Civ.A. 99-3496, 2001 WL 434489, at *1 (E.D. La. Apr. 26, 2001);

agency in writing."[17] Only when the claim has been denied or six months have passed since the administrative claim was filed may a plaintiff bring suit in federal district court on the claim.[18] Any failure to comply with the FTCA's administrative exhaustion requirement is a jurisdictional defect.[19] "The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of act action under the FTCA."[20] The Plaintiffs have presented no new evidence to show they exhausted an administrative tort claim as required by 28 U.S.C. § 2675(a).

Accordingly;

**IT IS ORDERED** that Plaintiffs' motion for reconsideration[21] is **DENIED**.

**New Orleans, Louisiana, this 15th day of March, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[17] 28 U.S.C. § 2675(a).
[18] *See id.*; 28 U.S.C. § 2401(b).
[19] *See, e.g., McNeil v. United States*, 508 U.S. 106, 112 (1993); *Jerves v. United States*, 996 F.2d 517, 519 (9th Cir. 1992); *Plylyer v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *Williamson v. U.S. Dep't of Agriculture*, 815 F.2d 368, 378 (5th Cir. 1987); *Henderson v. United States* (785 F.2d 121, 123 (4th Cir. 1986); *Keene Corp v. United States*, 700 F.2d 836, 840-41) (2d Cir. 1983), *cert denied*, 464 U.S. 864 (1983).
[20] *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981).
[21] R. Doc. 50.