UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA NEVERS ALEX, ET AL.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 16-17019 |
| ST. JOHN THE BAPTIST<br>PARISH SHERIFF'S OFFICE, ET AL.,<br>    Defendants | SECTION: "E" |

### ORDER AND REASONS

Before the Court is a motion to dismiss under Rule 12(b)(6) for failure to state a claim filed by Governor John Bel Edwards.[1] The motion is opposed.[2] For the following reasons, the motion to dismiss is **GRANTED**.

Plaintiffs allege claims under 42 U.S.C. § 1983 against Governor John Bel Edwards, among a variety of state and federal officials.[3] There is no mention of Governor Edwards in the Plaintiffs' complaint except to list him as a defendant.[4] In their opposition to Governor Edwards' motion to dismiss, the Plaintiffs contend they seek relief under 42 U.S.C. § 1983 because they "sent by certified mail asking Governor John Bel Edwards for help with constitutional and statutory violations" and he "ignored the plaintiff's [*sic*] formal complaints."[5] Plaintiffs seek monetary relief from all named defendants.

To the extent the Plaintiffs sue Governor Edwards in his official capacity, state officials in their official capacities are not "persons" subject to suit under Section 1983 with respect to claims for monetary compensation.[6] Because a Section 1983 claim against

---

[1] R. Doc. 58.
[2] R. Doc. 64.
[3] R. Doc. 7-1.
[4] *See id.* at 1.
[5] R. Doc. 64 at 2, 5.
[6] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Stotter v. Univ. of Tex.*, 508 F.3d 812, 821 (5th Cir. 2007).

1

a state official in his official capacity for monetary damages is actually a claim against the State itself, such a claim is barred by the Eleventh Amendment.[7] Accordingly, Plaintiffs' Section 1983 claims against Governor John Bel Edwards in his official capacity for monetary relief must be dismissed.

To the extent the Plaintiffs bring a Section 1983 claim against Governor Edwards in his individual capacity, Plaintiffs have not alleged Governor Edwards was personally involved in any of the alleged acts or omissions upon which their claims are based. Neither do Plaintiffs allege Governor Edwards had knowledge of any alleged acts or omissions. To hold Governor Edwards liable, Plaintiffs must establish that he was "personally involved in the acts causing the deprivation of [the Plaintiffs'] constitutional rights or that a causal connection exists between an act of [Governor Edwards] . . . and the alleged constitutional violation."[8] Plaintiffs do not allege, and therefore fail to establish, that Governor Edwards was personally involved in any acts causing the deprivation of their constitutional rights or that a causal connection exists between any act of Governor Edwards and the alleged constitutional violations. Accordingly, Plaintiffs' claims against Governor John Bel Edwards in individual capacity must be dismissed.

To the extent the Plaintiffs bring a claim against Governor Edwards for supervisory liability, Plaintiffs also fail to state a claim for relief. The Plaintiffs have not identified any subordinate or employee of Governor Edwards to establish any basis for supervisory liability. Further, "[o]fficials acting in a supervisory role may only be held liable under § 1983 if they either (1) affirmatively participate in acts that cause a constitutional deprivation or (2) implement unconstitutional policies that causally result in the

---

[7] *Williams v. Thomas*, 169 Fed. App'x 285, 286 (5th Cir. 2006).
[8] *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

plaintiff's injury."[9] Because the Plaintiffs do not identify a subordinate of the Governor and fail to allege a particular custom, usage, or policy for which the Governor might be constitutionally liable, Plaintiffs fail to state a claim for relief for supervisory liability under Section 1983. Accordingly, Plaintiffs' claims against Governor Edwards for supervisory liability under Section 1983 must be dismissed.

Accordingly;

**IT IS ORDERED** that Governor John Bel Edwards' motion to dismiss[10] is **GRANTED**. The Plaintiffs' claims against Governor Edwards are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 11th day of April, 2017.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[9] *Thompson v. Johnson*, 348 F. App'x 919, 921 (5th Cir. 2009) (citing *Mouille v. Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–95 (1978).
[10] R. Doc. 58.