UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA NEVERS ALEX, ET AL.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 16-17019 |
| ST. JOHN THE BAPTIST<br>PARISH SHERIFF'S OFFICE, ET AL.,<br>    Defendants | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a motion for reconsideration of its order denying Plaintiffs' leave to amend their complaint.[1] The Court has twice allowed the Plaintiffs to amend their complaint.[2] In its order granting the Plaintiffs leave to file their second amended complaint, the Court made clear that no further motions to amend would be granted.[3] Despite this admonition, the Plaintiffs filed a motion for leave to file a third amended complaint, which sought to add additional defendants and additional causes of action which appear to be unrelated to the causes of action alleged in the original and amended complaints.[4] The Court denied the Plaintiffs' motion for leave.[5] The Plaintiffs then filed the instant motion for reconsideration.[6] For the following reasons, the motion for reconsideration is **DENIED**.

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a [final]

---

[1] R. Doc. 90.
[2] R. Docs. 28, 74.
[3] R. Doc. 74 at 2.
[4] R. Doc. 81.
[5] R. Doc. 83.
[6] R. Doc. 90.

1

judgment."[7] Although the district court has broad discretion to reconsider an interlocutory order for any reason it deems sufficient,[8] this power "is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[9]

Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[10] Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[11] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[12] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[13] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[14]

---

[7] Fed. R. Civ. P. 54(b).
[8] *See U.S. v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citation and internal quotation marks omitted) ("Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient.")
[9] *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).
[10] *See, e.g.*, *id.* at *3–4 ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). However, there are some circumstances in which a different standard would be appropriate. *Id.* (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–16 (4th Cir. 2003)).
[11] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir.2003) (citations and internal quotation marks omitted).
[12] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[13] *Castrillo*, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[14] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change in the controlling law.[15]

Although a district court usually grants a pro se plaintiff liberal leave to amend his or her complaint, "[e]ven pro se plaintiffs . . . are not constitutionally or otherwise entitled to multiple opportunities to amend their pleadings."[16] This Court has afforded the Plaintiffs two opportunities to amend their complaint. Plaintiffs' latest motion for leave to amend their complaint sought to name additional defendants and new causes of action not raised in the original, first amended, or second amended complaints. As such, the Court's denial of the Plaintiffs' motion for leave to file a third amended complaint was not in error.

Accordingly;

**IT IS ORDERED** that Plaintiffs' motion for reconsideration[17] is **DENIED**.

**New Orleans, Louisiana, this 15th day of May, 2017.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot v. Hartford Fire Ins. Co.*, 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012).
[16] *Lofthus v. Long Beach Veterans Hosp.*, 214 F. Supp. 3d 908 (C.D. Cal. 2016).
[17] R. Doc. 90.