UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA NEVERS ALEX, ET AL., <br>  Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 16-17019 |
| ST. JOHN THE BAPTIST <br> PARISH SHERIFF'S OFFICE, ET AL., <br>  Defendants | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a motion to dismiss for lack of subject-matter jurisdiction, or alternatively, for failure to state a claim filed by Rosalyn Duley.[1] The Plaintiffs did not file an opposition to the motion to dismiss. For the following reasons, the motion to dismiss is **GRANTED**.

The Plaintiffs' 39-page complaint mentions defendant Rosalyn Duley a total of three times.[2] The Plaintiffs allege "The DA's office would not let the Attorney Roslyn [sic] Duley who signed the promissary [sic] note answer any questions."[3] Contradictorily, the Plaintiffs further allege "Attorney Duley stated for the record she had never heard of the usury law" and "went over the note and had [the Plaintiff, Shawanda Nevers, and Barbara Sylvester] sign a promissary [sic] note with 100% interest in 30 days, which is illegal [and] plaintiff Nevers was [thereafter] convicted of theft of an asset of [an] aged person."[4] The Court construes the Plaintiffs' allegations against Rosalyn Duley to sound in attorney

---

[1] R. Doc. 73.
[2] *See* R. Doc. 7-1 at 24–25.
[3] *Id*. at 24, ¶ 13(12). Presumably, the Plaintiffs are referring to the state-court criminal trial of Plaintiff Shawanda Nevers, in which she was convicted of violating Louisiana Revised Statutes Section 14:67.21—theft of the assets of an aged or disabled person.
[4] *Id*. at 25.

1

malpractice under Louisiana law, arising out of the Plaintiffs' execution of a promissory note.

Ms. Duley argues the Plaintiffs' claim against her should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject-matter jurisdiction, and also pursuant to Rule 12(b)(6) because the Plaintiffs' complaint fails to state a claim upon which relief may be granted.[5]

Federal Rule of Civil Procedure 12(h)(3) mandates the dismissal of an action when a federal court lacks jurisdiction over the subject matter of the plaintiff's claim. A party seeking to challenge a federal court's jurisdiction, based upon the allegations on the face of the complaint, may file a motion pursuant to Federal Rule of Civil Procedure 12(b)(1).[6] In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts."[7] A federal court has an unflagging duty to inquire into its jurisdiction whenever the possibility of a lack of jurisdiction arises.[8] As the party asserting federal jurisdiction, the burden is on the plaintiff to demonstrate that jurisdiction is proper.[9]

The Court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.[10] "A motion to dismiss for lack of subject-matter jurisdiction

---

[5] R. Doc. 73.
[6] *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)).
[7] *Barrera-Montenegro*, 74 F.3d at 659 (internal citations omitted).
[8] *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).
[9] *Id.*
[10] *In re FEMA Trailer Formaldehyde Prods. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of [her] claims entitling [her] to relief."[11]

Ms. Duley argues the Court lacks supplemental subject-matter jurisdiction over the Plaintiffs' claim against her. The Plaintiffs make federal-law claims under 42 U.S.C. §§ 1983, 1985, and 1988 for violations of their civil rights and state-law claims for "malicious prosecution, prosecutorial misconduct, malice, slander, defamation, false arrest, and false imprisonment."[12] The Court has original subject-matter jurisdiction over the Plaintiffs' federal-law claims, and may exercise supplemental subject-matter jurisdiction over the Plaintiffs' state-law claims only if they are "so related" to the federal civil rights claims that they form part of the same case or controversy.[13] The Plaintiffs' claim asserted against Ms. Duley is for legal malpractice under Louisiana law.[14] The Court does not see a sufficient connection between the legal malpractice claim asserted against Ms. Duley and the alleged federal civil rights violations, which provide the basis for this Court's original subject-matter jurisdiction. As a result, the Court finds that it does not have supplemental jurisdiction over the Plaintiffs' legal malpractice claim against Ms. Duley, as it is not so related to the Plaintiffs' federal civil rights claims such that they form part of the same case or controversy under Article III of the United States Constitution.

Accordingly, the Plaintiffs' claim against Rosalyn Duley is hereby **DISMISSED WITHOUT PREJUDICE**, and Rosalyn Duley is dismissed as a defendant in this action.

---

[11] *Id.* at 287 (citing *Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)).
[12] R. Doc. 7-1 at 2.
[13] Title 28, United States Code, Section 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.
[14] *See* LA. REV. STAT. ANN. § 9:5605.

Any claim for legal malpractice the Plaintiffs may have against Ms. Duley may be filed in the proper state court.

**New Orleans, Louisiana, this 23rd day of May, 2017.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**