UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA NEVERS ALEX, ET AL.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 16-17019 |
| ST. JOHN THE BAPTIST<br>PARISH SHERIFF'S OFFICE, ET AL.,<br>    Defendants | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a motion to dismiss for failure to state a claim filed by Anthony Giovingo.[1] The Plaintiffs did not file an opposition to the motion to dismiss. For the following reasons, the motion to dismiss is **GRANTED**.

In their complaint, the Plaintiffs make claims under 42 U.S.C. § 1983 against "Anthony G," a deputy with the St. John the Baptist Parish Sheriff's Office, in his official capacity.[2] On January 5, 2017, a member of the clerical staff at the St. John the Baptist Parish Sheriff's Office accepted service for Deputy Anthony G, believing the defendant to be a current employee, Anthony Giovingo.[3]

The Plaintiffs allege "St. John the Baptist Parish Sheriff's Office Detective Maurice Rodrigue along with Detective Vernon Bailey, [and Deputy] Anthony G . . . executed a search warrant of plaintiff, Shawanda Nevers Alex, and [her] husband Daryl Alex['s] dwelling."[4] The Plaintiffs further allege defendant "Anthony G" "violated Code of Criminal

---

[1] R. Doc. 88.
[2] R. Doc. 7-1.
[3] R. Doc. 88-1 at 1.
[4] R. Doc. 7-1 at 15.

1

procedure art. 18:06" because "the warrant was executed 2 months after the Judge sign [sic] the warrant."⁵

Deputy Giovingo argues he is not the person identified as "Deputy Anthony G" in the Plaintiffs' complaint, and therefore should be dismissed from this action.⁶ Deputy Giovingo further argues any Section 1983 claims against him are barred by the applicable prescriptive period.

Section 1983 cases are governed by the prescriptive period for personal injury actions of the state in which the conduct occurred.⁷ Louisiana Civil Code article 3492 provides that delictual actions are subject to a liberative prescription period of one year.⁸ The Plaintiffs allege Deputy Anthony Giovingo illegally executed a search warrant on June 19, 2014.⁹ Therefore, the Plaintiffs must have brought their Section 1983 claims against Deputy Anthony Giovingo on or before June 19, 2015. The Plaintiffs, however, did not file suit until December 9, 2016.¹⁰ As a result, the Plaintiffs' claims against Deputy Anthony Giovingo have prescribed.

---

⁵ *Id.* The Court notes that the article referenced by the Plaintiffs with respect to the timing of the execution of a warrant is an article in the Texas Code of Criminal Procedure. *See* TEX. CRIM. PROC. CODE ANN. art. 18.06 (West). Because the alleged search occurred in Louisiana, Louisiana's law applies. Louisiana Code of Criminal Procedure article 163(C) provides "a search warrant cannot be lawfully executed after the expiration of the tenth day after its issuance." LA. CODE CRIM. P. 163.
⁶ R. Doc. 88-1 at 2. Instead, the Plaintiffs likely refer to Deputy Anthony Goudia, a former employee of the St. John the Baptist Parish Sheriff's Office, who worked on the Plaintiffs' case. R. Doc. 77.
⁷ *Wilson v. Garcia*, 471 U.S. 261 (1985); *Jones v. Orleans Parish School Bd.*, 688 F.2d 342, 344 (5th Cir. 1982) ("It is well established in decisions in this Circuit that wrongs committed by Louisiana state officials in violation of federal law are considered to be torts subject to the one-year prescriptive period.").
⁸ LA. CIV. CODE art. 3492.
⁹ R. Doc. 7-1 at 15.
¹⁰ R. Doc. 1.

Accordingly, the Plaintiffs' claims under 42 U.S.C. § 1983 against Deputy Anthony Giovingo are hereby **DISMISSED WITH PREJUDICE**, and Deputy Anthony Giovingo is dismissed as a defendant in this action.

**New Orleans, Louisiana, this 1st day of June, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**