UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA NEVERS ALEX, ET AL., Plaintiffs | CIVIL ACTION |
| VERSUS | No. 16-17019 |
| ST. JOHN THE BAPTIST PARISH SHERIFF'S OFFICE, ET AL., Defendants | SECTION "E" |

## ORDER AND REASONS

This matter is before the Court on the motion to dismiss filed by the Defendant Judge Mary Hotard Becnel (retired).[1] Plaintiffs Shawanda Nevers Alex, Daryl Alex and LaQuana Lewis oppose the motion.[2] For the reasons that follow, the motion to dismiss is **GRANTED**.

In their complaint, the Plaintiffs make claims under 42 U.S.C. § 1983 against Judge Becnel, a former Louisiana district court judge for the 40th Judicial District for the Parish of St. John the Baptist, who presided over proceedings in Plaintiff Nevers's state criminal case.[3] The Plaintiffs sue Judge Becnel in her official capacity[4] on the following grounds: (1) Judge Becnel should have recused herself when, upon the advice of Plaintiff Nevers's attorney, Plaintiff Nevers hired Judge Becnel's relative to secure her recusal,[5] and (2) Judge Becnel set an excessive bail in Plaintiff Nevers's state criminal case.[6]

---

[1] R. Doc. 118.
[2] R. Doc. 133.
[3] *See* R. Doc. 7-1 at 19–21.
[4] R. Doc. 29 at 3.
[5] R. Doc. 7-1 at 19–20.
[6] *Id.* at 18–20.

Judge Becnel seeks dismissal of the Plaintiffs' claims against her, arguing she is entitled to absolute judicial immunity.[7] Judges enjoy absolute immunity from liability in suits brought under Section 1983.[8] Absolute judicial immunity can be overcome by (1) nonjudicial actions; and (2) judicial actions taken in the complete absence of all jurisdiction.[9]

The Supreme Court has explained that the inquiry of whether an act is judicial "relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."[10]

The Fifth Circuit uses a four-factor test to determine if an act is judicial in nature:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.[11]

In the instant case, the acts of setting bail and declining a request for recusal are both normal judicial functions.[12] Both the acts presumably occurred in Judge Becnel's courtroom or chambers and were directly regarding Plaintiff Nevers's criminal case pending before Judge Becnel in state court. The setting of Plaintiff Nevers's bail and Judge Becnel's refusal to recuse herself arose directly out of Plaintiff Nevers's appearance before Judge Becnel as part of her criminal docket. Thus, the Court finds Judge Becnel's actions were judicial in nature.

---

[7] *See* R. Doc. 118-1.
[8] *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978).
[9] *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).
[10] *Sparkman*, 435 U.S. at 362.
[11] *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 222 (5th Cir. 2009).
[12] *E.g.*, *Sharp v. Palmisano*, No. CIV.A. 13-5429, 2013 WL 5969661, at *3 (E.D. La. Nov. 8, 2013) ("Determining whether to recuse oneself from a case, setting bond . . . are normal judicial functions.").

Absolute judicial immunity may also be overcome if the judicial actions were taken in "complete absence of all jurisdiction." The Court must ask "whether at the time [the Judge] took the challenged action he had jurisdiction over the subject matter before him[.]"[13] Judge Becnel, as a district judge in the 40th Judicial District Court for the Parish of St. John the Baptist, had original subject matter jurisdiction to hear all state-law criminal matters.[14] Thus, Judge Becnel is entitled to absolute immunity from the acts alleged by the Plaintiffs.

Accordingly;

**IT IS ORDERED** that Judge Becnel's motion to dismiss[15] is **GRANTED**.

**New Orleans, Louisiana, this 2nd day of August, 2017.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Sparkman*, 435 U.S. at 356.
[14] LA. CONST. ANN. art. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters[.]").
[15] R. Doc. 118.