# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA NEVERS ALEX, ET AL.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 16-17019 |
| ST. JOHN THE BAPTIST<br>PARISH SHERIFF'S OFFICE, ET AL.,<br>    Defendants | SECTION: "E" |

## ORDER AND REASONS

Before the Court is Plaintiffs Shawanda Nevers Alex, Daryl Alex, and Laquana Lewis's (collectively "Plaintiffs") "Motion to Clarify" the order "in [r]egards to [the] St. John the Baptist Parish Sheriff['s] Department, dismissed with prejudice."[1] This motion references the Court's November 7, 2017 order granting St. John the Baptist Parish Sheriff Mike Tregre, Detective Vernon Bailey, Detective Maurice Rodrigue, and Deputy James Bessinger's (collectively the "St. John Defendants") motion to dismiss, wherein the Court determined each of Plaintiffs' claims against the St. John Defendants had prescribed.[2] Although Plaintiffs contend they "do not fully understand and [are] not exactly []clear to the prescription timeline" and therefore "seek clarification" of the Court's holding, they argue their claims have not prescribed. The Court interprets Plaintiffs' motion as a motion for reconsideration of the Court's order granting the St. John Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 59(e).[3] For the reasons that follow, the Court denies the motion.

---

[1] R. Doc. 163.
[2] R. Doc. 159.
[3] *Id.*

1

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[4] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[5] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[6] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[7]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[8]

In their motion for reconsideration, Plaintiffs argue the Court should grant their motion under the first option, averring their claims against the St. John Defendants have

---

[4] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[5] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[6] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[7] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).
[8] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.

not prescribed and the Court's ruling was based on a manifest error of fact.[9] In ruling on the St. John Defendants' motion to dismiss, the Court determined Plaintiffs' causes of action against the St. John Defendants stemmed from alleged actions that took place between December 2013, when Plaintiffs allege Detective Rodrigue stood inside Plaintiffs' restaurant "until all patrons were uncomfortable and left restaurant,"[10] and January 7, 2015, when the St. John Parish Sheriff's Office sold Plaintiff's property, notwithstanding Plaintiffs' being in bankruptcy proceedings.[11] Because Plaintiffs did not bring their claims against the St. John Defendants until December 9, 2016, more than a year and ten months after the last event took place,[12] the Court granted the motion to dismiss based on prescription.[13]

Plaintiffs now argue the "last [a]ctually [sic] event that took place was the trial on [sic] February 2016."[14] Plaintiffs apparently refer to their allegation that "[t]he DA called one of the St. John [the Baptist] Parish Sheriff[']s employee[s] to the stand to say Plaintiff Nevers[']s name was not on [the] occupational license and plaintiff Nevers could not enter into that agreement."[15] This factual allegation, however, is followed by the allegation that the *DA Defendants*, not the unnamed St. John the Baptist employee, "denied [Plaintiffs] due process under the law."[16] After providing more allegations about the February 2016 trial, Plaintiffs' complaint then states "[t]hese actions clearly shows [sic] judicial

---

[9] R. Doc. 163 at 3–5.
[10] R. Doc. 7-1 at 10.
[11] R. Doc. 159 at 6.
[12] R. Doc. 1.
[13] R. Doc. 159 at 6, 10.
[14] R. Doc. 163 at 4.
[15] R. Doc. 7-1 at 24.
[16] *Id.* at 24.

misconduct *from* [*the*] *DA's office.*"[17] Plaintiffs did not assert a cause of action against the St. John Defendants with respect to the February 18, 2016 trial.[18]

Accordingly;

Plaintiffs' motion for reconsideration is **DENIED** as set forth above.

**New Orleans, Louisiana, this 5th day of December, 2017.**

                             *Susie Morgan*
                             **SUSIE MORGAN**
                    **UNITED STATES DISTRICT JUDGE**

---

[17] *Id.* at 25 (emphasis added).
[18] The Court notes Plaintiffs' federal claims against the DA Defendants were dismissed with prejudice on April 19, 2017. R. Doc. 76. The Court dismissed Plaintiffs' state law claims against the DA Defendants without prejudice on November 16, 2017. R. Doc. 160.